UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN EDELMAN | : | CIVIL NO. 3:00CV01087 (DJS) |
|     Plaintiff | : | |
| VS. | : | DISTRICT COURT |
| | : | HARTFORD CT |
| LONNIE BRAXTON; et al | : | AUGUST 18, 2004 |
|     Defendants | | |

### PLAINTIFF'S MOTION TO REOPEN AND REINSTATE CASE ON DOCKET

Plaintiff respectfully moves to reopen the above-entitled matter and to reinstate same on the docket of this Court. In support of his Motion he states the following:

1. The plaintiff's case was previously dismissed on the grounds that plaintiff failed to post a $500 bond required by this Court's order. The Court erroneously concluded that plaintiff was not in compliance even though the Court's own clerk had clear and irrefutable proof that plaintiff had complied by posting the required bond and depositing the said amount with the Clerk. A review of the Court's own file reveals that the plaintiff's compliance prior to the dismissal of the case was duly docketed by the clerk although it is uncertain as to when the administrative docketing took place. Such oversight or administrative failure by the Court constitutes both a clear error and excusable neglect warranting that relief be granted. Courts routinely find excusable neglect in a variety of situations where it was not the Court itself that erred. Mennen Co. v. Gillette Co., 719 F.2d 568, 569-71 (2d Cir. 1983) (clerk error). For example, under certain circumstances, a finding of excusable neglect may be based upon a nonnegligent failure to learn that judgment has been entered, uncontrollable delays in the delivery of mail, see *Scarpa v. Murphy*, 782 F.2d 300, 301 (1st Cir. 1986)(excusable neglect found where postal service took one week to deliver notice of appeal from post office in West Springfield to district court in Springfield, Mass.), unpredictable events that affect the feasibility of appeal, and plausible misconstructions (but not ignorance) of the applicable law or rules. *See generally* 9 J.

Moore & B. Ward, *Moore's Federal Practice* ¶ 204.13[1.-3], at 4-94 to 4-97 (2d ed. 1987). In sum, a finding of "excusable neglect" must be based either on acts of someone other than plaintiff or his or her counsel, or some extraordinary event.

2.  At the time of the of the dismissal of the complaint, Plaintiff, Steven Edelman, had given notice that he had complied with the Court's order regarding the posting of bond in the amount of $500.00 . Plaintiff had requested, in the alternative, that the moneys deposited in the Court pursuant to an order issued in Edelman v. David Page, et al,: 3:00CV 1166(DJS) be accepted as bond required for the purpose of this case. The Court never issued a ruling on the plaintiff's request and instead arbitrarily dismissed the case based on its own erroneous assummption that the plaintiff had completely failed to post the required bond.

3.  As stated in his motion to reconsider submitted in the Edelman v. David Page, et al,: 3:00CV 1166(DJS) , the plaintiff has expressed serious concerns regarding this Court's handling of his cases in a manner violative of his constitutional rights to due process and access to the courts. The Supreme Court in Deakins v. Monaghan, *484 U.S. 193* (1988)ruled that that *Younger v. Harris*, 401 U.S. 37, and its progeny did not require the District Court to abstain from adjudicating a party's equitable claims and required this Court to stay rather than to dismiss federal claims that are not cognizable in the state forum.

**WHEREFORE,** plaintiff respectfully requests that this Court correct its own errors, vacate its previous orders issued re-open the above-entitled matter and reinstate the case on the the docket.

PLAINTIFF

BY _____
Paul M. Ngobeni, ct 08187
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed first-class on August 18, 2004 to the following counsel:

Jon S. Berk, Esquire
   Gordon, Muir, and Foley
   Hartford Square North
   Ten Columbus Boulevard
   Hartford, Connecticut 06106-5123.

Attorney Mathew Beizer,
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

_____
Paul M. Ngobeni