FILED

2004 SEP -7 A 11: 23

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT



| | |
|---|---|
| STEVEN EDELMAN<br>Plaintiff | : CIVIL ACTION NO. 3-01-01087 (DJS) |
| VS. | |
| LONNIE BRAXTON, ET AL<br>Defendants | : SEPTEMBER 3, 2004 |

### DEFENDANTS' OBJECTION TO
### PLAINTIFF'S MOTION TO REOPEN AND REINSTATE

NOW COME Defendants, John Lescoe, Richard Cody and Jason Westcott, by and through counsel, and hereby OBJECT to plaintiff's motion to reopen and reinstate this matter as follows:

**I.   Procedural Insufficiency**

Initially, plaintiff's Motion must be denied for failure to comply with F.R.C.P. 5(a), as well as for violating this Court's 7/30/01 Order (Covello, J.) granting pleading 19-1, seeking an order that plaintiff serve all pleadings on all counsel of record. Contrary to the certification at page 3 of the pending Motion, it was not served, as required by the Rule, upon the other parties with appearances in the file. Undersigned counsel was alerted to the filing only by e-mail via PACER. This has become a pattern with this plaintiff. In the companion case of *Edelman v. Page, et. al*, CIVIL ACTION NO. 3-00-1166 (DJS),

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

Plaintiff similarly attempted to resurrect a long-dead civil action, similarly failing to serve all parties. See, e.g., *Edelman v. Page, supra*, Defendants' Objection dated 4/16/04.

Although plaintiff does not explicitly so state in his August 18, 2004 Motion, his Motion is predicated upon F.R.C.P. 60(b)(1), relating to Relief from Judgment or Order due to "mistake, inadvertence, surprise, or excusable neglect". Plaintiff cites "excusable neglect" several times as the basis for his Motion. Such motions must be filed within one year of the judgment or order from which relief is sought. Rule 60(b). The Order at issue was entered May 28, 2002. Plaintiff's Motion comes two years, two months and twenty one days later, with no explanation for its considerable tardiness. Plaintiff's Motion is untimely by more than one year.

## II.    Substantive Insufficiency

Plaintiff's Motion focuses solely upon the Court's 5/28/02 dismissal for failure to comply with the order to post bond. What plaintiff conveniently overlooks, fails to address, and is now time-barred from addressing, in any event, is that the Court also dismissed this matter on substantive grounds in a separate, simultaneous ruling of May 28, 2002. See attached. Even had plaintiff addressed this separate, concurrent dismissal in his pending Motion, it would yield the same result. Plaintiff failed to file the subject Motion within one year of the Order, thereby waiving the opportunity to do so.

Dismissal with prejudice "is a complete adjudication and a bar to a further action between the parties" 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 2364, at 277 (2d ed.1994).

WHEREFORE, for all of the foregoing reasons, the Plaintiff's Motion to Reopen must be DENIED.

DEFENDANTS:

By_____
JON BERK
**Gordon, Muir & Foley, LLP**
Federal Bar No. 04239

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the following counsel of record on September 3, 2004.

Paul M. Ngobeni, Esquire
914 Main Street, Suite 206
East Hartford, CT 06108

AAG Matthew Beizer, Esquire
Attorney General's Office, Mackenzie Hall
110 Sherman Street
Hartford, Connecticut 06105

_____
JON S. BERK

FILED

2002 APR -5 P 1:04

US DISTRICT COURT
HARTFORD CT

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF CONNECTICUT AT HARTFORD

| | |
|---|---|
| STEVEN EDELMAN<br>Plaintiff | : CIVIL ACTION NO. 301CV1087 (DJS)<br>:<br>: |
| VS. | :<br>: |
| LONNIE BRAXTON, ET AL<br>Defendants | :<br>: APRIL 4, 2002 |

## MOTION TO DISMISS

The undersigned defendants move to dismiss this matter in that the Complaint lacks specificity as the alleged wrongdoing of these defendants, and fails to adequately state a cognizable cause of action.

DEFENDANTS: JOHN LESCOE
RICHARD CODY
JASON WESTCOTT

BY _____
JON S. BERK
**Gordon, Muir and Foley, LLP**
Federal Bar No. ct04239

9/7/04  GRANTED absent objection.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN EDELMAN           :
Plaintiff

v.                       : CIVIL NO.: 3:01cv1087(DJS)

LONNIE BRAXTON, ET AL    :
Defendants

## ORDER

In an Endorsement Order dated April 22, 2002, the parties were instructed to post a $500 security deposit by May 3, 2002. To date, no such deposit has been posted, therefore, the parties shall post said security deposit on or before **May 23, 2002** or this case shall be dismissed without any further action being taken by this Court.

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut, this 17th day of May, 2002.

_____
Dominic J. Squatrito
United States District Judge

AO 72A
(Rev. 8/82)